ORIGINAL

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                                :
   UNITED STATES OF AMERICA     :
                                :
          - v. -                :
                                :
   DONNEILLE PENAFLOR,          :
       a/k/a "Don Don,"         :
                                :
                                :
              Defendant.        :
                                :
- - - - - - - - - - - - - - - X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/18
```

**SEALED INDICTMENT**

18 Cr.

**18 CRIM 800**

### COUNT ONE

The Grand Jury charges:

1. Between in or about May 2018 and in or about October 2018, in the Southern District of New York and elsewhere, DONNEILLE PENAFLOR, a/k/a "Don Don," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree, together and with each other, to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that DONNEILLE PENAFLOR, a/k/a "Don Don," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that DONNEILLE PENAFLOR, a/k/a "Don Don," the defendant, conspired to distribute and


JUDGE MARRERO

possess with intent to distribute was 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS

4. As a result of committing the offense alleged in Count One of this Indictment, DONNEILLE PENAFLOR, a/k/a "Don Don," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## SUBSTITUTE ASSET PROVISION

5. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited

with, a third person;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

   (Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

10/31/18

Filed Sealed Indictment.
1 Arrest Warrant included.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**DONNEILLE PENAFLOR,**

Defendant.

**INDICTMENT**

18 Cr.

(21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

Foreperson.